# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS COMPEAU,

        Petitioner,                    Case No. 2:16-cv-10558
                                                    HON. ARTHUR J. TARNOW

v.

KENNETH ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner Dennis Compeau filed a *pro se* petition for writ of habeas corpus, challenging his convictions for assault with intent to commit criminal sexual conduct involving penetration and attempted kidnapping. On October 31, 2017, the Court denied the petition and declined to issue a certificate of appealability ("COA"). On November 17, 2017, Petitioner filed the instant motion for reconsideration. (ECF No. 15.) He later filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. For the reasons that follow, Petitioner's motion for reconsideration is **DENIED**.

**I.**     **Background**

Mr. Compeau's convictions arise from the assault and attempted kidnapping of Michelle Krappe in Mount Pleasant, Michigan on April 2, 1998. In December of 1998, a jury found Mr. Compeau guilty of assault with intent to commit criminal sexual conduct and attempted kidnapping. Thereafter, he was sentenced to concurrent prison terms of 25

to 50 years for the assault conviction and 20 to 40 years for the attempted kidnapping conviction.

Mr. Compeau raised four claims in his petition for writ of habeas corpus: (1) the trial court erred in departing upwards on resentencing because he was a third, and not a fourth, habitual offender; (2) the sentence was unsupported by substantial and compelling reasons; (3) he was denied effective assistance of counsel when his attorney failed to present an alibi defense; and (4) his due process rights were violated when the trial court allowed an unduly suggestive photo array line up. This Court denied the petition, concluding that his resentencing claims were without merit, the Michigan Court of Appeals reasonably addressed his ineffective assistance of counsel claim, and the photo array identification was devoid of suggestive procedures. (ECF No. 13.) In the instant motion, he asks the Court to reconsider his ineffective assistance of counsel and photo array claims.

## II.     Standard

U.S. Dist. Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004)(citing L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

### III.     Discussion

####     A.     Ineffective Assistance of Counsel

In his petition, Mr. Compeau argued that his trial counsel was ineffective for failing to pursue an alibi defense. In the instant motion for reconsideration, Mr. Compeau first raises an issue with the Court's analysis of his ineffective assistance of counsel claim. In support, he points to a Mecosta County Sheriff's Office report, indicating that Fred Nostrant called 911 at 8:23 p.m. on April 2, 1998 to report seeing a suspicious white van in Remus. (ECF No. 19.)[1] Mr. Compeau asserts that, because his van was seen in Remus at 8:23 p.m., this report proves that he could not have been in Mount Pleasant to commit the attack at around 8:44 p.m. However, as addressed by this Court in its Opinion and Order denying the petition, Mr. Nostrant testified during the trial that he actually saw the van at 7:30 p.m. that evening, leaving plenty of time for Mr. Compeau to drive to Mount Pleasant before 8:44 p.m., when the 911 call reporting the attack was received. (ECF No. 13 at Pg. ID 1821.)

Petitioner therefore advances the same argument that he made in his initial petition for writ of habeas corpus, which was considered and addressed by this Court when it denied Mr. Compeau habeas relief and declined to grant him a COA. Petitioner's request for reconsideration will therefore be denied, because he is merely presenting an issue

---

[1] On November 17, 2017, Petitioner filed a document requesting a 21-day extension of time in which to file new evidence, including a Mecosta County Sheriff's Office police report and a 911-tape from Mecosta County's call center. The Court received the police report, as well as additional correspondence from Mr. Compeau indicating that the 911-tape was unavailable. Nevertheless, the 911-tape, like the police report, does not aid the Court in its analysis of this motion for reconsideration.

which was already ruled upon by this Court, expressly, when the Court denied Mr. Compeau's application for writ of habeas corpus. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999). In particular, this Court directly addressed the ineffective assistance of counsel issue as it relates to Mr. Compeau's purported alibi defense. Petitioner raises no new arguments and does not identify a palpable defect by which the court and parties have been misled. His motion for reconsideration will not be granted on this basis.

### B. Photo Array Claim

Mr. Compeau briefly contends that he believes the photo array was tainted in some way, but does not develop his argument. Nevertheless, the Court addressed his concerns related to the photo array when it denied his petition. He raises no new arguments as to why the victim identification was the result of suggestive procedures. Nor does he identify any palpable defect that would result in a different disposition of the case. He is not entitled to relief on this claim.

## IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that Petitioner's motion for reconsideration is **DENIED**. (ECF No. 15.)

**SO ORDERED**.

Dated: January 9, 2017

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 9, 2017, by electronic and/or ordinary mail.

                                      S/Catherine A. Pickles
                                      Judicial Assistant